1  Gustav A. von Schulz (SBN 264875)

2  9531 Santa Monica Blvd 488

3  Beverly Hills, 90210

4  T: (424) 249-2848

5  gustavaschulz@gmail.com

6

7  Attorney for Plaintiffs

8

9

10  **IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

11  **DISTRICT OF CALIFORNIA WESTERN DIVISION**

12

13  C.I.V., a minor, by and through her

14  Parents GUSTAV ALEXANDER VON

15  SCHULZ and ISABELLA CLARA

16  VON SCHULZ, GUSTAV

17  ALEXANDER VON SCHULZ, an

18  individual, and ISABELLA CLARA

19  VON SCHULZ, an individual,

20                Plaintiffs,

21          vs.

22  BEVERLY HILLS UNIFIED

23  SCHOOL DISTRICT, a public entity,

24  MICHAEL BREGY, an individual,

25  JASON HASTY, an individual, ALEX

26  CHERNISS, an individual,

27  BENJAMIN WARDROP, an

28  individual, DANIEL CHAVEZ, an

Civil Action No.

**COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND
DECLARATORY RELIEF**

1. 42 U.S.C.A. § 2000d *et seq.* (Title VI)

2. 42 U.S.C. §1983 (*Ex parte Young/* Title VI)

3. 42 U.S.C. §1983 (*Ex parte Young/* Due Process)

4. 42 U.S.C. §1983 (*Ex parte Young/* Equal Protection)

5. 42 U.S.C. §1983 (Title VI)

6. 42 U.S.C. §1983 (Due Process)

individual, MARIA FERNANDEZ, an individual, ONTRECE ELLERBE, an individual, YVETTE WALKER an individual, MOLLY HWANG an individual MISHEL SIMMONS, an individual, and Does 1-50,

Defendants.

7. 42 U.S.C. §1983 (Equal Protection)
8. Intentional Infliction of Emotional Distress
9. Negligent Infliction of Emotional Distress
10. Inducing a Breach of Contract
11. Intentional Interference with Contractual Relations
12. Intentional Interference with Prospective Economic Relations
13. Negligent Interference with Prospective Economic Relations

**DEMAND FOR JURY TRIAL**

## PART 1--JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under federal law. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) because Plaintiff seek redress the deprivation of their civil rights under color of State law, statute, ordinance, regulation, custom or usage.

2. This action also alleges state law claims, including violations of California statutes and common law, over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper and Defendants are all subject to the personal jurisdiction of this Court under 28 U.S.C. § 1391(b)(2), in that all of the events giving rise to this action occurred in Central District of California in Los Angeles County, State of California.

## PART 2—PARTIES

4. Plaintiff C.I.V., an individual, is a minor born in 2018, currently and at all times mentioned herein resides in Los Angeles County in the State of California. Plaintiff C.I.V. was prevented from enrollment and eventually disenrolled or expelled from Horace Mann Elementary School under the jurisdiction of Beverly Hills Unified School District.

5. Plaintiff GUSTAV ALEXANDER VON SCHULZ ("Dr. VON SCHULZ"), an individual, is and at all times mentioned herein resides in Los Angeles County in the State of California. Plaintiff Dr. VON SCHULZ is the father of Plaintiff C.I.V.

6. Plaintiff ISABELLA CLARA VON SCHULZ ("Mrs. VON SCHULZ"), an individual, is and at all times mentioned herein resides in Los Angeles County in the State of California. Plaintiff Mrs. VON SCHULZ is the mother of Plaintiff C.I.V.

7. Defendant BEVERLY HILLS UNIFIED SCHOOL DISTRICT ("BHUSD") is a public school district existing under the laws of the State of California with its principal place of operation in Los Angeles County in the State of California. Horace Mann Elementary School is a publicly funded educational institution operated by Defendant BHUSD.

8. Defendant MICHAEL BREGY ("BREGY"), an individual, is and at all times material hereto was a resident of the State of California, was employed

by Defendant BHUSD as Superintendent from February 21, 2017 until February 24, 2025.

9. Defendant JASON HASTY ("HASTY") an individual, is and at all times material hereto was a resident of the State of California, was employed by Defendant BHUSD as Interim Superintendent from February 25, 2025 until April 9, 2025.

10. Defendant ALEX CHERNISS (CHERNISS), an individual, is and at all times material hereto was a resident of the State of California, was and continues to be employed by Defendant BHUSD as Superintendent from April 10, 2025.

11. Defendant BENJAMIN WARDROP ("WARDROP"), an individual, is and at all times material hereto was a resident of the State of California, is and was employed by Defendant BHUSD as Director of Student Services at all times related to this complaint.

12. Defendant DANIEL CHAVEZ ("CHAVEZ"), an individual, is and at all times material hereto was a resident of the State of California, is and was employed by Defendant BHUSD as a High School Nurse at all times related to this complaint.

13. Defendant MARIA FERNANDEZ ("FERNANDEZ"), an individual, is and at all times material hereto was a resident of the State of California, is and was employed by Defendant BHUSD as an Enrollment Center Supervisor at BHUSD.

14. Defendant ONTRECE ELLERBE ("ELLERBE"), an individual, is and at all times material hereto was a resident of the State of California, is and was employed by Defendant BHUSD as the Principal of Horace Mann Elementary School.

15. Defendant YVETTE WALKER ("WALKER"), an individual, is and at all times material hereto was a resident of the State of California, is and was

employed by Defendant BHUSD as an Assistant Principal of Horace Mann Elementary School.

16. Defendant MOLLY HWANG ("HWANG"), an individual, is and at all times material hereto was a resident of the State of California, is and was employed by Defendant BHUSD as an Assistant Principal of Horace Mann Elementary School.

17. Defendant MISHEL SIMMONS ("SIMMONS"), an individual, is and at all times material hereto was a resident of the State of California, is and was employed by Defendant BHUSD as the Assistant Nurse at Horace Mann Elementary School.

18. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will give notice of this complaint, and of one or more DOES' true names and capacities, when ascertained. Plaintiffs allege, based on information and belief that Defendants DOES 1 through 50 are responsible in some manner for the damages and injuries alleged in this complaint.

19. Defendants BREGY, HASTY, CHERNISS, WARDROP, CHAVEZ, FERNANDEZ, ELLERBE, WALKER, HWANG, SIMMONS, and DOES 1 through 50, all acting in their personal capacities, are collectively referred to as "INDIVIDUAL CAPACITY DEFENDANTS".

20. Defendants BREGY, HASTY, CHERNISS, WARDROP, CHAVEZ, FERNANDEZ, ELLERBE, WALKER, HWANG, SIMMONS, and DOES 1 through 50, when acting in their official capacities, are collectively referred to as "OFFICIAL CAPACITY DEFENDANTS"

## PART 3—FACTUAL ALLEGATIONS

21. Plaintiff C.I.V. is a member of a protected class as a person of mixed Asian race and of mixed Chinese and South American national origin.

22. Plaintiff C.I.V. was born outside the United States and arrived in the United States at six years of age in the Summer of 2024.

23. Prior to arrival to the United States, Plaintiff C.I.V. has obtained extensive vaccination; however, Plaintiff C.I.V. lacked certain vaccination that Defendant BHUSD, INDIVIDUAL CAPACITY DEFENDANTS and OFFICIAL CAPACITY DEFENDANTS required for enrollment at BHUSD.

24. On August 2, 2024, Plaintiff C.I.V. was approved for Medi-Cal by the State of California.

25. From August 2, 2024 until August 19, 2024, Plaintiff Dr. VON SCHULZ. diligently searched for doctors who would accept Medi-Cal, accept Plaintiff C.I.V., and provide vaccinations.

26. Plaintiff Dr. SCHULZ made extensive phone calls and found clinics requesting "membership fees" in the thousands of dollars to schedule an appointment for a physical for Plaintiff C.I.V.

27. On August 16, 2024, Plaintiff C.I.V.'s one-year old brother was seriously ill resulting in a need to go to AltaMed Medical Group, Westlake Pediatrics ("ALTAMED") Urgent Care.  During this visit, Plaintiff C.I.V. was able to obtain a dental check up and schedule an urgent appointment at AltaMed for physical examination and vaccines.

28. On August 17, 2024, Plaintiffs C.I.V., Dr. VON SCHULZ, and Mrs. VON SCHULZ moved permanently to Beverly Hills in the enrollment district for Horace Mann Elementary School.  Contemporaneously, Plaintiffs obtained the relevant lease agreement, utility connections, and bank statements which were provided to Defendant BHUSD, Defendant BREGY, Defendant

WARDROP, Defendant CHAVEZ, and Defendant FERNANDEZ along with other documents proving residency.

29. On August 19, 2024, following up on the appointment made on August 16th, Plaintiff C.I.V. obtained vaccination for DTap, Hepatitis A, MMR, Polio, and Varicella at ALTAMED. The vaccinations administered at ALTAMED were intended to catch up on previous vaccinations obtained outside the United States.  These prior vaccines included Hepatitis B, DTap, Polio, and BCG vaccines.

30. Previously, outside of the United States, Plaintiff C.I.V. was injured because of an improper administration of the BCG vaccine. This fact was communicated to Defendant BHUSD, Defendant BREGY, Defendant WARDROP, Defendant CHAVEZ, and Defendant FERNANDEZ.

31. On August 19, 2024, immediately after receiving eight vaccines, Plaintiff C.I.V. made a doctor's appointment to receive further vaccines in three months.

32. Plaintiff C.I.V.'s doctor Sophia A. Park, M.D. ("Dr. PARK") wrote a note on the physical form submitted to Defendant BHUSD, Defendant BREGY, Defendant WARDROP, Defendant CHAVEZ, and Defendant FERNANDEZ.  The note read, "Patient is behind immunization, but is receiving catch up.  Next visit in 3 months for MMRV", Dr. PARK also placed the stamp of ALTAMED next to the note.

33. On August 21, 2024, in response to requests from Defendant BHUSD, Defendant BREGY, Defendant WARDROP, Defendant CHAVEZ, and Defendant FERNANDEZ, Dr. PARK further noted the follow up appointment to make the following pre-printed notation "Follow up in about 3 months (around 11/19/2024 for vaccine catch up and developmental concern follow-up)"

COMPLAINT AND DEMAND FOR JURY TRIAL

34. On August 21, 2024, despite numerous contacts and information provided to Defendant BHUSD, Defendant WARDROP, and Defendant FERNANDEZ. These Defendants continued to insist the documentation was insufficient and Plaintiff C.I.V. could not be enrolled at Defendant BHUSD.

35. According to statements of Defendant WARDROP, the vaccine appointment form and the Doctor's notations did not include dates for Tdap or Hepatitis B vaccines, rendering those statements insufficient for enrollment at Defendant BHUSD.

36. On August 21, 2024, Plaintiff Dr. VON SCHULZ explained to Defendant WARDROP and Defendant BHUSD that Plaintiffs C.I.V., Dr. VON SCHULZ, and Mrs. VON SCHULZ have made extraordinary efforts and with due diligence and have overcome substantial difficulties in arriving at Defendant BHUSD; however, Plaintiff C.I.V. has been treated with animosity and hostility rather than as a six-year-old girl who only sought to obtain her state-mandated education.

37. Plaintiffs C.I.V., Dr. VON SCHULZ, and Mrs. VON SCHULZ found that in every step of communication with Defendant BHUSD, Defendant BREGY, Defendant WARDROP, Defendant CHAVEZ, and Defendant FERNANDEZ, steps were made to find problems, or excuses to prevent enrollment. These problems started from the first initial contacts with Defendant FERNANDEZ.

38. On August 21, 2024, Defendant WARDROP and Defendant BHUSD continued their insistence that there are certain legal rules or customs that prevent enrollment unless a particular form for a vaccination schedule is followed. However, such a form could not be produced or has not been shown to exist other than based on amorphous assertions by Defendant WARDROP.

39. On August 22, 2024, in response to Dr. VON SCHULZ notifying Defendant WARDROP of the intent to pursue civil rights litigation, Defendant WARDROP and Defendant CHAVEZ invited Plaintiff Dr. VON SCHULZ to stay on the phone line while a phone call was made to Dr. PARK.  Plaintiff Dr. VON SCHULZ asked Defendant WARDROP to also include Plaintiff Mrs. VON SCHULZ on the phone call. While on the call, Plaintiff Dr. VON SCHULZ asked Defendant WARDROP, if he could provide a written authorization to obtain records for Plaintiff C.I.V. and if that would resolve the "authorization" issue which apparently came up from Defendant WARDROP on the same day.  Defendant WARDROP explained that such an authorization is outside their normal practice and could not be executed.

40. On August 22, 2024, after waiting on hold with Plaintiffs Dr. and Mrs. VON SCHULZ, Defendant WARDROP got exhausted and said he could not wait more than 30 minutes on hold because he has other appointments and things to do.  At this point, Defendant WARDROP hung up the phone.

41. On August 22, 2024, Plaintiff Dr. VON SCHULZ notified Defendant BHUSD, and Defendant BREGY, and Defendant BREGY's secretary about the above process of preventing enrollment of Plaintiff C.I.V. who wanted to and needed to go to school.

42. On August 22, 2024, Plaintiff Dr. VON SCHULZ asked Defendant WARDROP and Defendant BREGY for contact information for the attorney at Defendant BHUSD and the necessity to allow for notice to be served in respect prospective civil rights litigation.  Defendant BREGY did not respond to emails from Plaintiff Dr. VON SCHULZ and Defendant WARDROP did not state whether he would or would not oppose an *ex parte* motion to allow for enrollment of Plaintiff C.I.V.

43. On August 23, 2024, Plaintiff Mrs. VON SCHULZ was able to obtain another letter from Dr. PARK, which was accepted by Defendant BHUSD and Plaintiff C.I.V. was enrolled and started attendance at Horace Mann Elementary School at Defendant BHUSD on August 28, 2024.

44. Based on information and belief, Plaintiff C.I.V.'s start date was delayed from August 13, 2024 to August 28, 2024 intentionally by Defendant BHUSD, Defendant BREGY, Defendant WARDROP, Defendant CHAVEZ, and Defendant FERNANDEZ due to racial and ethnic animus causing the loss of two weeks of schooling, creating extensive social and psychological harm, and priming Plaintiff C.I.V. and Plaintiffs Dr., and Plaintiff Mrs. VON SCHULZ to the racial and ethnic segregation which occurred after Plaintiff C.I.V. was enrolled at Defendant BHUSD.

45. After enrollment at Defendant BHUSD, Plaintiff C.I.V. was subject to a hidden curriculum of racial and ethnic inferiority based intentional racial and ethnic segregation. The racial and ethnic segregation created an inequitable educational experience ranging from inequitable distribution of financial resources to inequitable teaching methodology.

46. The process of creating and maintaining segregated schools within BHUSD and segregated classrooms within Horace Mann Elementary School was and continues to be motivated by racial and ethnic animus. The effect of racial and ethnic segregation prevents interaction among students and puts students who are of a non-White race or non-European national origin in a disadvantaged position as compared to White-race or European national origin students.

47. The separation of resources and segregation by race and ethnicity was formed, administered, and enforced by Defendants BHUSD, each of the INDIVIDUAL CAPACITY DEFENDANTS, and each of the OFFICIAL CAPACITY DEFENDANTS.

COMPLAINT AND DEMAND FOR JURY TRIAL

48. The separation by race and ethnicity within classrooms is apparent through comparison of a class photograph of Plaintiff C.I.V.'s grade one section to the photographs of the Horace Mann Elementary School's full grade one. Based on this comparison, the entire Horace Mann Elementary School grade one, appears to contain approximately 20% of non-White race or non-European national origin students. Plaintiff C.I.V.'s grade one section appears to contain approximately 50% non-White race or non-European ethnicity students.  By implication, the other three grade-one sections would contain approximately 10% non-White race or non-European ethnicity potentially resulting in a ratio of 5:1 between Plaintiff C.I.V.'s grade one class and other grade one classes at Horace Mann Elementary School.

49. Plaintiff C.I.V.'s grade one section photograph intentionally omits a photograph of a non-White student.

50. The segregation by race and national origin may be observed between elementary schools within Defendant BHUSD by comparison of Horace Mann Elementary School to the only other elementary school in BHUSD, El Rodeo Elementary School. Based on information and belief, Horace Mann Elementary School has a significantly higher ration of non-White or non-European students compared to El Rodeo Elementary School.

51. Based on information and belief, El Rodeo Elementary School receives a proportionately greater amount of resources compared to Horace Mann Elementary School.

52. Based on information and belief, racial and national origin segregation resulted in disparate allocation of resources by Defendant BHUSD through the organizing of fund raising activities at Horace Mann Elementary where funds solicited from parents were and are allocated individually by the individual class of the student whose parent provided the contribution.

53. Based on information and belief, the intentional methods of effecting a "hidden curriculum" which presents non-White or non-European national students as inferior to White or European national origin students, include providing student rewards based on fundraising, resulting in the segregated classes being both deprived of resources and being stigmatized.

54. Based on information and belief, the efforts of segregating, stigmatizing, and depriving of rights at the elementary schools of Defendant BHUSD continue at the middle school and high school levels of education at Defendant BHUSD.

55. Based on information and belief, the intentionally cultivated racial animosity at the elementary and middle school levels results in student-on-student bullying at the middle school and high school level of education at Defendant BHUSD.

56. Based on information and belief, Defendant BHUSD has a pattern of intentional racial and ethnic discrimination against employees and students of Defendant BHUSD.

57. Based on information and belief, Defendant BHUSD reduces the ratio of minority students which attend progressively higher grades through a system of segregation and stigmatization of non-White or non-European national origin students.

58. On March 18, 2025, Defendant SIMMONS contacted Plaintiff Dr. VON SCHULZ and Plaintiff Mrs. VON SCHULZ to demand that the vaccine schedule for Plaintiff C.I.V. would be completed within the next three (3) days or Plaintiff C.I.V. would be disenrolled or suspended from school. Plaintiff Dr. VON SCHULZ explained that the vaccine appointment would be made as soon as possible with Plaintiff C.I.V.'s doctor. Plaintiff Dr. VON SCHULZ also advised Defendant SIMMONS that she failed to keep proper records and requested the wrong vaccinations.

59. On March 20, 2025, Defendant CHAVEZ with a copy to Defendant SIMMONS, Defendant WALKER, and Defendant WARDROP, sent an email to Plaintiff Dr. VON SCHULZ, stating that Plaintiff C.I.V. would be excluded from Defendant BHUSD on April 9, 2025.  Defendant CHAVEZ's email included an attachment form IMM-231 which specifically did not provide for expulsion or disenrollment of an admitted student from school. However, form IMM-231 did purportedly require the school to review Plaintiff C.I.V.'s records every thirty days, to inform Plaintiff Dr. VON SCHULZ and Plaintiff Mrs. VON SCHULZ of any missing vaccinations, and to keep updated vaccination information for Plaintiff C.I.V.  Defendant BHUSD, Defendant CHAVEZ, and Defendant SIMMONS did not comply with any of the purported requirements of form IMM-231.

60. Defendants CHAVEZ, Defendant SIMMONS, Defendant WALDROP and Defendant WALKER intentionally used form IMM-231 and their color of authority to harass, discriminate, and deprive Plaintiff C.I.V. of her education.

61. Plaintiffs C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ obtained the earliest available appointment with Plaintiff C.I.V.'s doctor at ALTA MED using Medi-Cal.  This earliest appointment is on June 27, 2025.

62. On March 25, 2025, Plaintiff Dr. VON SCHULZ notified Defendant BHUSD, Defendant HASTY, Defendant WARDROP, Defendant CHAVEZ, Defendant FERNANDEZ, Defendant ELLERBE, Defendant WALKER, and Defendant SIMMONS about the violation of Plaintiff C.I.V.'s civil rights. Dr. VON SCHULZ emphasized the pretextual nature of the vaccine requests, the unreasonableness of the short deadlines to provide vaccines whether it is the initial March 21 or the April 9 deadline, and the strategic

COMPLAINT AND DEMAND FOR JURY TRIAL

use of health disparities to intentionally discriminate based on race and national origin.

63. On March 26, 2025, Defendant WARDROP sent an email to Plaintiff Dr. VON SCHULZ emphasizing the threat that Plaintiff C.I.V. will be "excluded" from BHUSD on April 10, 2025. In this email, Defendant WARDROP emphasized the "favor" which was provided by enrolling Plaintiff C.I.V. in August. Plaintiff WARDROP's email was meant to harass and to further create an inequitable environment based on race and national origin.

64. On April 15, 2025, Defendant WARDROP sent an email to Plaintiff Dr. VON SCHULZ stating that Plaintiff C.I.V. will be "excluded" on the next day and will not be able to attend until the documentation is provided to Defendant WARDROP's satisfaction.

65. On April 16, 2025, Plaintiff C.I.V. and Plaintiff Dr. VON SCHULZ attempted to enter Horace Mann Elementary School and were stopped at the gate by security guard Cameron JONES who told Plaintiff C.I.V. and Plaintiff Dr. VON SCHULZ to go to the office gate based on instructions from Defendant WALKER. The security guard at the office gate, Kurt SUIKONEN stated that Defendant WALKER would not allow Plaintiff C.I.V. to enter the school. Mr. JONES called Defendant ELLERBE to speak to Plaintiff Dr. VON SCHULZ.

66. On April 16, 2025, Defendant ELLERBE stated to Plaintiff Dr. VON SCHULZ that Plaintiff C.I.V. was "disenrolled" from Defendant BHUSD. Defendant ELLERBE stated that there were numerous emails among INDIVIDUAL CAPACITY DEFENDANTS, OFFICIAL CAPACITY DEFENDANTS, and Defendant BHUSD. According to Defendant ELLERBE, the basis for disenrollment were multiple emails from Defendant

COMPLAINT AND DEMAND FOR JURY TRIAL

WARDROP.  According to Defendant ELLERBE, Plaintiff C.I.V. would no longer be a student at Horace Mann Elementary School.

67. On April 16, 2025, Defendant ELLERBE communicated to Plaintiff Dr. VON SCHULZ that there was a school meeting where Defendant ELLERBE and others decided to prevent Plaintiff C.I.V. from entering Horace Mann Elementary School.

68. Based on information and belief, Defendant CHERNISS was consulted and approved the expulsion or "disenrollment" of Plaintiff C.I.V.

69. Based on information and belief, Plaintiff C.I.V.'s teacher Ms. Sarah WOLFF removed Plaintiff C.I.V.'s material from school and communicated to the class that Plaintiff C.I.V. will not come back.

70. On April 16, 2025, Plaintiff C.I.V., while crying, told Plaintiff Mrs. VON SCHULZ that Plaintiff C.I.V. wants to go to school to play with her friends.

71. On April 18, 2025, Plaintiff Mrs. VON SCHULZ attempted and was unable to login to the online service iReady and Parents' Square from Horace Mann Elementary School.  Based on information and belief, Defendant BHUSD, INDIVIDUAL CAPACITY DEFENDANTS, and OFFICIAL CAPACITY DEFENDANTS prevented Plaintiff Mrs. VON SCHULZ to access internet-based educational resources to prevent Plaintiff C.I.V. from receiving any public education services even over the internet.

72. Based on information and belief, on May 1, 2025, Defendant HWANG acted in coordination with other INDIVIDUAL CAPACITY DEFENDANTS, OFFICIAL CAPACITY DEFENDANTS and Defendant BHUSD to prevent Plaintiff C.I.V. from entering Horace Mann Elementary after school hours and preventing Plaintiff C.I.V. from participating in activities provided by and sold by BEVERLY HILLS CITY, a California general law city municipality ("BEVERLY HILLS").  The relevant services contracted by BEVERLY HILLS are provided by a subcontractor PARKER-

ANDERSON ENRICHMENT, INC., a California Corporation ("PARKER-ANDERSON").

73. On May 1, 2025, Defendant HWANG prevented Plaintiff C.I.V. from entering Horace Mann Elementary School after school hours; thereby, preventing Plaintiff C.I.V. from attending "Robot Building Workshop" class provided by BEVERLY HILLS or PARKER-ANDERSON.

74. On May 1, 2025, Defendant HWANG communicated to Plaintiff C.I.V. and Plaintiff Mrs. VON SCHULZ that Plaintiff C.I.V. will not be permitted to attend any further classes from by BEVERLY HILLS or PARKER-ANDERSON, including future classes of "HM Weird & Wacky Science" and future classes of "Robot Building Workshop".

75. On May 2, 2025, by telephonic communication with Plaintiff Dr. VON SCHULZ and by e-mail, Ms. LISA CRESPO ("Ms. CRESPO"), the Senior Recreation Supervisor of the Community Services Department of BEVERLY HILLS communicated that Defendant HWANG informed Ms. CRESPO that Plaintiff C.I.V. was not enrolled in Defendant BHUSD and could not continue to attend after-school classes offered by BEVERLY HILLS.

76. Based on information and belief, the conduct of Defendant BHUSD, INDIVIDUAL CAPACITY DEFENDANTS, and OFFICIAL CAPACITY DEFENDANTS with Plaintiffs is part of a general policy of racial and national origin discrimination at Defendant BHUSD.

77. Based on information and belief, there exists a long history of racial and ethnic discrimination in Defendant BHUSD.

78. The harm that Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ has suffered and continue to suffer is severe and irreparable.

# PART 3—CLAIMS

## COUNT ONE - 42 U.S.C.A. § 2000d *et seq* (*Title VI*)
### (*Plaintiff C.I.V. against Defendant BHUSD*)

79. Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ and Plaintiff Mrs. VON
SCHULZ repeat, reiterate, reallege and incorporate by reference all factual
allegations contained above and all allegations contained in causes of actions
set forth in this Complaint as though fully stated in this cause of action.

80. At all times relevant hereto, Defendant BHUSD through Horace Mann
Elementary School was carrying out the activity of providing free public
education to its students, including Plaintiff C.I.V., through programs which,
in whole or in part, were recipients of Federal funding within the meaning of
42 USC § 2000d.

81. Commencing on or about August, 2024 and continuing thereafter, by and
through Horace Mann Elementary School, Defendant BHUSD discriminated
against Plaintiff C.I.V. in its educational programs on the basis of her race or
national origin by imposing upon Plaintiff C.I.V. discipline or educational
environments that was disparate from the discipline or educational
environments Defendant BHUSD imposed upon other students who were of
White race or European national origin.

82. This disparate treatment was motivated by a desire on the part of Defendant
BHUSD to treat members of the non-White race or non-European national
origin disparately from others who were of White race or European national
origin. Thereby Defendant BHUSD intended to discourage the participation
of members of non-White race or non-European national origin in federally
funded educational programs offered by Horace Mann Elementary School.

83. As a direct and proximate result of the unlawful discrimination on the basis
of race or national origin as alleged in the above paragraphs, Plaintiff C.I.V.

suffered humiliation, loss of educational benefits, and emotional distress, all to her general damage in a sum according to proof. Furthermore as a direct and proximate result of the unlawful discrimination on the basis of race or national origin, Plaintiff C.I.V. is expected to incur expenditures for the treatment of the emotional and mental injuries she sustained thereby, all to her special damage in accordance with proof.

84. The unlawful discrimination on the basis of race or national origin as alleged in this Complaint is continuing and, unless enjoined by this Court, will continue to the damage and detriment of Plaintiff C.I.V. and other similarly situated students.

85. Some or all of the actions of Defendant BHUSD, as hereinabove alleged, were done with malice and for the purpose of creating great and continuing mental anguish in Plaintiff C.I.V. and other students of her racial background or national origin background and, therefore, constitute malicious or oppressive conduct justifying an award of punitive damages against Defendant BHUSD in a sum sufficient to punish them and deter further such conduct in the future.

86. Plaintiff C.I.V. seeks attorney's fees pursuant to 42 USC § 1988.

**COUNT TWO - 42 U.S.C. §1983 (*Ex Parte Young/Title VI*)**
(Plaintiff C.I.V. against OFFICIAL CAPACITY DEFENDANTS)

87. Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

88. Plaintiff C.I.V. brings her claim under 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of

any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

89. Each of the OFFICIAL CAPACITY DEFENDANTS intentionally, or consciously, recklessly, callously, and deliberately deprived Plaintiff C.I.V. of rights, privileges, or immunities secured by the Constitution or laws of the United States.

90. Each of the OFFICIAL CAPACITY DEFENDANTS caused the deprivation of Plaintiff C.I.V.'s rights afforded under 42 USC § 2000d et seq (Title VI).

91. Each of the OFFICIAL CAPACITY DEFENDANTS acted under "color of state law" while acting in their official capacities.

92. At all times relevant hereto, Defendant BHUSD through Horace Mann Elementary School was carrying out the activity of providing free public education to its students, including Plaintiff C.I.V., through programs which, in whole or in part, were recipients of Federal funding within the meaning of 42 USC § 2000d.

93. Commencing on or about August, 2024 and continuing thereafter, by and through Horace Mann Elementary School, each of the OFFICIAL CAPACITY DEFENDANTS discriminated against Plaintiff C.I.V. in Defendant BHUSD's educational programs on the basis of her race or national origin- by imposing upon Plaintiff C.I.V. discipline and educational environments that was disparate from the discipline and educational environments imposed upon other students who were of White race or European national origin.

94. This disparate treatment was motivated by a desire on the part of each of the OFFICIAL CAPACITY DEFENDANTS to treat members of the non-White race or non-European national origin disparately from others who were of White race or European national origin. Thereby, each of the OFFICIAL CAPACITY DEFENDANTS intended to discourage the participation of

members of non-White race or non-European national origin in federally funded educational programs offered by Horace Mann Elementary School.

95. As a direct and proximate result of the unlawful discrimination on the basis of race or national origin as alleged in the above paragraphs, Plaintiff C.I.V. suffered humiliation, loss of educational benefits, and emotional distress. Furthermore, as a direct and proximate result of the unlawful discrimination on the basis of race or national origin, Plaintiff C.I.V. is expected to incur expenditures for the treatment of the emotional and mental injuries she sustained thereby.

96. The unlawful discrimination on the basis of race or national as alleged in this complaint is continuing and, unless enjoined by this Court, will continue to the damage and detriment of Plaintiff C.I.V. and other similarly situated students.

97. Each of the OFFICIAL CAPACITY DEFENDANTS' conduct was the actionable cause of the Plaintiff C.I.V.'s injury. Each of the OFFICIAL CAPACITY DEFENDANTS' conduct was both the cause in fact and proximate cause of Plaintiff C.I.V.'s injury.

98. Each of the OFFICIAL CAPACITY DEFENDANTS' have some connection to the disparate treatment of Plaintiff C.I.V. on the basis of race or national origin.

99. Plaintiff C.I.V. only seeks prospective injunctive or declaratory relief to address ongoing violations of federal law by each of the OFFICIAL CAPACITY DEFENDANTS.

100. Plaintiff C.I.V. seeks attorney's fees pursuant to 42 USC § 1988.

**COUNT THREE - 42 U.S.C. §1983 (*Ex Parte Young/Due Process*)**
(Plaintiff C.I.V. against OFFICIAL CAPACITY DEFENDANTS)

101.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

102.    Each of the OFFICIAL CAPACITY DEFENDANTS intentionally, or consciously, recklessly, callously, and deliberately deprived Plaintiff C.I.V. of rights, privileges, or immunities secured by the Constitution or laws of the United States.

103.    Each of the OFFICIAL CAPACITY DEFENDANTS caused the deprivation of Plaintiff C.I.V.'s rights afforded under the Due Process Clause of the 14th Amendment to be provided due process prior to depriving Plaintiff C.I.V.'s property interest in education.

104.    Plaintiff C.I.V. brings her claim under 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

105.    Each of the OFFICIAL CAPACITY DEFENDANTS acted under "color of state law" while acting in their official capacities.

106.    Plaintiff C.I.V. has a property interest in receiving a public education as protected by the California Constitution.  Under Cal. Const. art. IX, § 5 and under the California Supreme Court Opinion of *Butt v. California*, 4 Cal.4th 668 (1992), California guarantees provision of "basic" equity in public education.

107.    Each of the OFFICIAL CAPACITY DEFENDANTS' action in "disenrollment" or prevention of "enrollment" of Plaintiff C.I.V., has exceeded two weeks in August and has exceeded an additional two weeks at the time of the filing of this Complaint.  This "disenrollment" or prevention

of "enrollment" constitutes a significant deprivation of Plaintiff C.I.V.'s property interest in receiving a public education.

108.     Each of the OFFICIAL CAPACITY DEFENDANTS did not provide due process to Plaintiff C.I.V. when preventing "enrollment" in BHUSD or when executing a "disenrollment" from BHUSD.  Each of the OFFICIAL CAPACITY DEFENDANTS failed to provide a basis for the "disenrollment" or prevention of "enrollment" of Plaintiff C.I.V. Plaintiff C.I.V. Plaintiff C.I.V. did not have a meaningful opportunity to present her side of the story or evidence. Each of the OFFICIAL CAPACITY DEFENDANTS used unreasonably short deadlines of as little as three days or less to prevent Plaintiff C.I.V. from presenting her side of the story and failing to provide Plaintiff C.I.V. with sufficient notice.

109.      Each of the OFFICIAL CAPACITY DEFENDANTS' conduct was the actionable cause of the Plaintiff C.I.V.'s injury.  Each of the OFFICIAL CAPACITY DEFENDANTS' conduct was both the cause in fact and proximate cause of Plaintiff C.I.V.'s injury.

110.     Each of the OFFICIAL CAPACITY DEFENDANTS' have some connection to the enforcement of the preventing of "enrollment" or "disenrollment" of Plaintiff C.I.V.

111.     Plaintiff C.I.V. only seeks prospective injunctive or declaratory relief to address ongoing violations of federal law by each of the OFFICIAL CAPACITY DEFENDANTS.

112.     Plaintiff C.I.V. seeks attorney's fees pursuant to 42 USC § 1988.

## COUNT FOUR - 42 U.S.C. §1983 (*Ex Parte Young/Equal Protection*)
(Plaintiff C.I.V. against OFFICIAL CAPACITY DEFENDANTS)

113.      Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual

allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

114.    Plaintiff C.I.V. brings her claim under 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

115.    Each of the OFFICIAL CAPACITY DEFENDANTS acted under "color of state law" while acting in their official capacities.

116.    Each of the OFFICIAL CAPACITY DEFENDANTS intentionally, or consciously, recklessly, callously, and deliberately deprived Plaintiff C.I.V. of rights, privileges, or immunities secured by the Constitution or laws of the United States.

117.    Each of the OFFICIAL CAPACITY DEFENDANTS intentionally, or consciously, recklessly, callously, and deliberately deprived Plaintiff C.I.V. of her Right to Equal Protection of the Law pursuant to the 14th Amendment of the United States Constitution.

118.    Commencing on or about August, 2024 and continuing thereafter, by and through Horace Mann Elementary School, each of the OFFICIAL CAPACITY DEFENDANTS discriminated against Plaintiff C.I.V. in Defendant BHUSD's educational programs on the basis of Plaintiff C.I.V.'s race or national origin- by imposing upon Plaintiff C.I.V. discipline and educational environments that was disparate from the discipline and educational environments imposed upon other students who were of White race or European national origin.

119.    The above conduct of each of the OFFICIAL CAPACITY DEFENDANTS was motivated by a desire on the part of each of the OFFICIAL CAPACITY DEFENDANTS to treat members of the non-White

race or non-European national origin disparately from others who were of White race or European national origin.

120.     As a direct and proximate result of the unlawful discrimination on the basis of race or national origin as alleged in the above paragraph, Plaintiff C.I.V. suffered humiliation, loss of educational benefits, and emotional distress. Furthermore, as a direct and proximate result of the unlawful discrimination on the basis of race or national origin, Plaintiff C.I.V. is expected to incur expenditures for the treatment of the emotional and mental injuries she sustained thereby.

121.     The unlawful discrimination on the basis of race or national as alleged in this complaint is continuing and, unless enjoined by this Court, will continue to the damage and detriment of Plaintiff C.I.V. and other similarly situated students.

122.      Each of the OFFICIAL CAPACITY DEFENDANTS' conduct was the actionable cause of the Plaintiff C.I.V.'s injury.  Each of the OFFICIAL CAPACITY DEFENDANTS' conduct was both the cause in fact and proximate cause of Plaintiff C.I.V.'s injury.

123.     Each of the OFFICIAL CAPACITY DEFENDANTS' have some connection to the disparate treatment of Plaintiff C.I.V. on the basis of race or national origin.

124.     Plaintiff C.I.V. only seeks prospective injunctive or declaratory relief to address ongoing violations of federal law by each of the OFFICIAL CAPACITY DEFENDANTS.

125.     Plaintiff C.I.V. seeks attorney's fees pursuant to 42 USC § 1988.

## COUNT FIVE - 42 U.S.C. §1983 (*Title VI*)

(Plaintiff C.I.V. against INDIVIDUAL CAPACITY DEFENDANTS)

126.     Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

127.     Plaintiff C.I.V. brings her claim under 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

128.     Each of the INDIVIDUAL CAPACITY DEFENDANTS intentionally, or consciously, recklessly, callously, and deliberately deprived Plaintiff C.I.V. of rights, privileges, or immunities secured by the Constitution or laws of the United States.

129.     Each of the INDIVIDUAL CAPACITY DEFENDANTS caused the deprivation of Plaintiff C.I.V.'s rights afforded under 42 USC § 2000d et seq (Title VI).

130.     Each of the INDIVIDUAL CAPACITY DEFENDANTS acted under "color of state law" while acting in their personal capacities.

131.     At all times relevant hereto, Defendant BHUSD through Horace Mann Elementary School was carrying out the activity of providing free public education to its students, including Plaintiff C.I.V., through programs which, in whole or in part, were recipients of Federal funding within the meaning of 42 USC § 2000d.

132.     Commencing on or about August, 2024 and continuing thereafter, by and through Horace Mann Elementary School, each of the INDIVIDUAL CAPACITY DEFENDANTS discriminated against Plaintiff C.I.V. in Defendant BHUSD's educational programs on the basis of her race or national origin- by imposing upon Plaintiff C.I.V. discipline and educational environments that was disparate from the discipline and educational

environments imposed upon other students who were of White race or European national origin.

133.     This disparate treatment was motivated by a desire on the part of each of the INDIVIDUAL CAPACITY DEFENDANTS to treat members of the non-White race or non-European national origin disparately from others who were of White race or European national origin. Thereby each of the INDIVIDUAL CAPACITY DEFENDANTS intended to discourage the participation of members of non-White race or non-European national origin in federally funded educational programs offered by Horace Mann Elementary School.

134.     As a direct and proximate result of the unlawful discrimination on the basis of race or national origin as alleged in the above paragraph, Plaintiff C.I.V. suffered humiliation, loss of educational benefits, and emotional distress. Furthermore, as a direct and proximate result of the unlawful discrimination on the basis of race or national origin, Plaintiff C.I.V. is expected to incur expenditures for the treatment of the emotional and mental injuries she sustained thereby.

135.     The unlawful discrimination on the basis of race or national as alleged in this complaint is continuing and, unless enjoined by this Court, will continue to the damage and detriment of Plaintiff C.I.V. and other similarly situated students.

136.     Each of the INDIVIDUAL CAPACITY DEFENDANTS' conduct was the actionable cause of the Plaintiff C.I.V.'s injury.  Each of the INDIVIDUAL CAPACITY DEFENDANTS' conduct was both the cause in fact and proximate cause of Plaintiff C.I.V.'s injury.

137.     Each of the INDIVIDUAL CAPACITY DEFENDANTS have some connection to the disparate treatment of Plaintiff C.I.V. on the basis of race or national origin.

138.    None of the INDIVIDUAL CAPACITY DEFENDANTS are entitled
to qualified immunity because their actions violated a clearly established
statutory or constitutional right of which a reasonable person would have
known.  Title VI's right for C.I.V. to be free of racial or national origin
discrimination in public schooling are rights which are clearly established
with the rights' contours sufficiently definite such that any reasonable
official in each of the INDIVIDUAL CAPACITY DEFENDANTS' shoes
would have understood that he or she was violating Plaintiff C.I.V.'s rights.

139.    As a direct and proximate result of the deprivation of Title VI rights
as alleged in the above, Plaintiff C.I.V. suffered humiliation, loss of
educational benefits, and emotional distress, all to her general damage in a
sum according to proof. Furthermore, as a direct and proximate result of the
deprivation of Title VI rights, Plaintiff C.I.V. is expected to incur
expenditures for the treatment of the emotional and mental injuries she
sustained thereby, all to her special damage in accordance with proof.

140.    The unlawful deprivation of Title VI rights alleged in this complaint
is continuing and, unless enjoined by this Court, will continue to the damage
and detriment of Plaintiff C.I.V. and other similarly situated students.

141.    Some or all of the actions of each of the INDIVIDUAL CAPACITY
DEFENDANTS, as hereinabove alleged, were done with malice and for the
purpose of creating great and continuing mental anguish in Plaintiff C.I.V.,
and, therefore, constitute malicious or oppressive conduct justifying an
award of punitive damages against each of the INDIVIDUAL CAPACITY
DEFENDANTS in a sum sufficient to punish them and deter further such
conduct in the future.

142.    Plaintiff C.I.V. seeks attorney's fees pursuant to 42 USC § 1988.

**COUNT SIX - 42 U.S.C. §1983 (Due Process)**

(*Plaintiff C.I.V. against INDIVIDUAL CAPACITY DEFENDANTS*)

143.    Plaintiffs C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

144.    Plaintiff C.I.V. brings her claim under 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

145.    Each of the INDIVIDUAL CAPACITY DEFENDANTS caused the deprivation of Plaintiff C.I.V.'s rights afforded under the Due Process Clause of the 14th Amendment to be provided due process prior to depriving Plaintiff C.I.V.'s property interest in education.

146.    Each of the INDIVIDUAL CAPACITY DEFENDANTS acted under "color of state law" while acting in their personal capacities. Each of the INDIVIDUAL CAPACITY DEFENDANTS acted or purported to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

147.    Each of the INDIVIDUAL CAPACITY DEFENDANTS' acts or failures to act deprived Plaintiff C.I.V. of particular rights, privileges, or immunities secured by the Constitution or laws of the United States.

148.     Each of the INDIVIDUAL CAPACITY DEFENDANTS conduct was an actual cause, a cause in fact and proximate cause, of the Plaintiff C.I.V.'s injury.

149.    Plaintiff C.I.V. has a property interest in receiving a public education as protected by the California Constitution.  Under Cal. Const. art. IX, § 5 and under the California Supreme Court Opinion of *Butt v. California*, 4

Cal.4th 668 (1992), California guarantees provision of "basic" equity in public education.

150.    The "disenrollment" or prevention of "enrollment" of Plaintiff C.I.V., exceeded two weeks in August and has exceeded an additional two weeks at the time of the filing of this Complaint. This "disenrollment" or prevention of "enrollment" constitutes a significant deprivation of Plaintiff C.I.V.'s property interest in receiving a public education.

151.    Each of the INDIVIDUAL CAPACITY DEFENDANTS did not provide due process to Plaintiff C.I.V. when preventing "enrollment" in Defendant BHUSD or when executing a "disenrollment" from Defendant BHUSD. Each of the INDIVIDUAL CAPACITY DEFENDANTS failed to provide a basis for the "disenrollment" or prevention of "enrollment" of Plaintiff C.I.V.

152.    Plaintiff C.I.V. did not have a meaningful opportunity to present her side of the story or evidence to "enroll" or prevent "disenrollment" from Defendant BHUSD. Each of the INDIVIDUAL CAPACITY DEFENDANTS used unreasonably short deadlines of as little as three days or less to prevent Plaintiff C.I.V. from presenting her side of the story and failing to provide Plaintiff C.I.V. with sufficient notice.

153.    None of the INDIVIDUAL CAPACITY DEFENDANTS are entitled to qualified immunity because their actions violated a clearly established statutory or constitutional right of which a reasonable person would have known. The 14th Amendment right to procedural due process and the California Constitution provides a right to public education and basic equity in public education. These rights are clearly established with the rights' contours sufficiently definite such that any reasonable official in each of the INDIVIDUAL CAPACITY DEFENDANTS' shoes would have understood that he or she was violating Plaintiff C.I.V.'s rights.

154.    As a direct and proximate result of the deprivation of due process rights as alleged in the above, Plaintiff C.I.V. suffered humiliation, loss of educational benefits, and emotional distress, all to her general damage in a sum according to proof. Furthermore, as a direct and proximate result of the deprivation of due process rights, Plaintiff C.I.V. is expected to incur expenditures for the treatment of the emotional and mental injuries she sustained thereby, all to her special damage in accordance with proof.

155.    The unlawful deprivation of due process rights alleged in this complaint is continuing and, unless enjoined by this Court, will continue to the damage and detriment of Plaintiff C.I.V. and other similarly situated students.

156.    Some or all of the actions of each of the INDIVIDUAL CAPACITY DEFENDANTS, as hereinabove alleged, were done with malice and for the purpose of creating great and continuing mental anguish in Plaintiff C.I.V., and, therefore, constitute malicious or oppressive conduct justifying an award of punitive damages against each of the INDIVIDUAL CAPACITY DEFENDANTS in a sum sufficient to punish them and deter further such conduct in the future.

157.    Plaintiff C.I.V. seeks attorney's fees pursuant to 42 USC § 1988.

**COUNT SEVEN - 42 U.S.C. §1983 (Equal Protection)**
(*Plaintiff C.I.V. against INDIVIDUAL CAPACITY DEFENDANTS*)

158.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

159.    Plaintiff C.I.V. brings her claim under 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives

another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

160. Each of the INDIVIDUAL CAPACITY DEFENDANTS' conduct deprived Plaintiffs C.V of rights secured under federal law, including the right to be free of racial or ethnic discrimination under the Equal Protection Clause of 14th Amendment to the United States Constitution.

161. Each of the INDIVIDUAL CAPACITY DEFENDANTS acted under "color of state law" while acting in their individual capacities.

162. Each of the INDIVIDUAL CAPACITY DEFENDANTS intentionally, or consciously, recklessly, callously, and deliberately deprived Plaintiff C.I.V. of rights, privileges, or immunities secured by the Constitution or laws of the United States.

163. Each of the INDIVIDUAL CAPACITY DEFENDANTS intentionally, or consciously, recklessly, callously, and deliberately deprived Plaintiff C.I.V. of her Right to Equal Protection of the Law pursuant to the 14th Amendment of the United States Constitution.

164. Commencing on or about August, 2024 and continuing thereafter, by and through Horace Mann Elementary School, each of the INDIVIDUAL CAPACITY DEFENDANTS discriminated against Plaintiff C.I.V. in Defendant BHUSD's educational programs on the basis of Plaintiff C.I.V.'s race or national origin- by imposing upon Plaintiff C.I.V. discipline and educational environments that was disparate from the discipline and educational environments imposed upon other students who were of White race or European national origin.

165. The above conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS was motivated by a desire on the part of each of the INDIVIDUAL CAPACITY DEFENDANTS to treat members of the non-

White race or non-European national origin disparately from others who were of White race or European national origin.

166.     As a direct and proximate result of the unlawful discrimination on the basis of race or national origin as alleged, Plaintiff C.I.V. suffered humiliation, loss of educational benefits, and emotional distress, all to her general damage in a sum according to proof. Furthermore, as a direct and proximate result of the unlawful discrimination on the basis of race or national origin, Plaintiff C.I.V. is expected to incur expenditures for the treatment of the emotional and mental injuries she sustained thereby, all to her special damage in accordance with proof.

167.      The unlawful discrimination on the basis of race or national origin as alleged in this Complaint is continuing and, unless enjoined by this Court, will continue to the damage and detriment of Plaintiff C.I.V. and other similarly situated students.

168.     Each of the OFFICIAL CAPACITY DEFENDANTS' conduct was the actionable cause of the Plaintiff C.I.V.'s injury.  Each of the OFFICIAL CAPACITY DEFENDANTS' conduct was both the cause in fact and proximate cause of Plaintiff C.I.V.'s injury.

169.     Each of the OFFICIAL CAPACITY DEFENDANTS' have some connection to the disparate treatment of Plaintiff C.I.V. on the basis of race or national origin.

170.     Some or all of the actions of each of the INDIVIDUAL CAPACITY DEFENDANTS, as hereinabove alleged, were done with malice and for the purpose of creating great and continuing mental anguish in Plaintiff C.I.V. and other students of her racial background or national origin background and, therefore, constitute malicious or oppressive conduct justifying an award of punitive damages against each of the INDIVIDUAL CAPACITY

DEFENDANTS in a sum sufficient to punish them and deter further such conduct in the future.

171.     None of the INDIVIDUAL CAPACITY DEFENDANTS are entitled to qualified immunity because their actions violated a clearly established statutory or constitutional right of which a reasonable person would have known.  The 14th Amendment to the U.S. Constitutional right Equal Protection is clearly established with the rights' contours sufficiently definite such that any reasonable official in each of the INDIVIDUAL CAPACITY DEFENDANTS' shoes would have understood that he or she was violating Plaintiff C.I.V.'s rights.

172.     Plaintiff C.I.V. seeks attorney's fees pursuant to 42 USC § 1988.

## COUNT EIGHT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
### (*All Plaintiffs against INDIVIDUAL CAPACITY DEFENDANTS*)

173.     Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

174.     Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ claim that each of the INDIVIDUAL CAPACITY DEFENDANTS, in their conduct, caused Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ to suffer severe emotional distress.

175.     Each of the INDIVIDUAL CAPACITY DEFENDANTS engaged in conduct that was and continues to be outrageous.

176.     Each of the INDIVIDUAL CAPACITY DEFENDANTS abused and continue to abuse a position of authority or a relationship that gave each of

the INDIVIDUAL CAPACITY DEFENDANTS real or apparent power to affect the interests of Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

177.    Each of the INDIVIDUAL CAPACITY DEFENDANTS knew that Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ were particularly vulnerable to emotional distress.

178.    Each of the INDIVIDUAL CAPACITY DEFENDANTS knew that their conduct would likely result in harm due to mental distress.

179.    Each of the INDIVIDUAL CAPACITY DEFENDANTS intended to cause Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ emotional distress or acted with reckless disregard of the probability that Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ would suffer emotional distress knowing that Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ were present when the conduct occurred.

180.    Each of the INDIVIDUAL CAPACITY DEFENDANTS knew that emotional distress would probably result from their conduct or gave little or no thought to the probably effects of their conduct.

181.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ suffered severe emotional distress. The emotional distress suffered by Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ was and continues to be so substantial or long-lasting that no reasonable person in a civilized society should be expected to bear it, and it includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

182.    The conduct of each INDIVIDUAL CAPACITY DEFENDANT was a substantial factor in causing Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ severe emotional distress.

183.    The above conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS was not privileged.

## COUNT NINE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED)

**(***All Plaintiffs against INDIVIDUAL CAPACITY DEFENDANTS***)**

184.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

185.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ claim that each of the INDIVIDUAL CAPACITY DEFENDANTS, in their conduct, caused Plaintiff C.I.V., Dr. VON SCHULZ, and Mrs. VON SCHULZ to suffer severe emotional distress.

186.    Each of the INDIVIDUAL CAPACITY DEFENDANTS were negligent towards Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.  Each of the INDIVIDUAL CAPACITY DEFENDANTS had a duty of care towards Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ. Each of the INDIVIDUAL CAPACITY DEFENDANTS breached his or her respective duty of care towards Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

187.    Each of the INDIVIDUAL CAPACITY DEFENDANTS have a special relationship with Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

188.    Each of the INDIVIDUAL CAPACITY DEFENDANTS knew that emotional distress would probably result from their conduct or gave little or no thought to the probably effects of their conduct.

189.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ suffered serious emotional distress. The emotional distress suffered by Plaintiff C.I.V., Dr. VON SCHULZ, and Mrs. VON SCHULZ so substantial or long-lasting that no reasonable person in a civilized society should be expected to bear it, and it includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

190.    The negligence of each of the INDIVIDUAL CAPACITY DEFENDANTS was a substantial factor in causing Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ to suffer severe emotional distress.

191.    The above conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS, acting in their personal capacities, was not privileged.

**COUNT TEN – INDUCING BREACH OF CONTRACT**
**(***All Plaintiffs against INDIVIDUAL CAPACITY DEFENDANTS***)**

192.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

193.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ claim that each of the INDIVIDUAL CAPACITY DEFENDANTS intentionally caused BEVERLY HILLS or PARKER-ANDERSON to breach their contract with Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

194.    There was a contract between Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON, entered on March 3, 2025, for services to be provided by PARKER-ANDERSON ("PAE CONTRACT").

195. Each of the INDIVIDUAL CAPACITY DEFENDANTS knew of the PAE CONTRACT.

196. Each of the INDIVIDUAL CAPACITY DEFENDANTS intended to cause BEVERLY HILLS or PARKER-ANDERSON to breach the PAE CONTRACT.

197. Each of the INDIVIDUAL CAPACITY DEFENDANTS did cause BEVERLY HILLS or PARKER-ANDERSON to breach the PAE CONTRACT.

198. Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ and Plaintiff Mrs. VON SCHULZ were harmed.

199. The conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS was a substantial factor in causing the harm suffered by Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

200. The above conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS, acting in their personal capacities, was not privileged.

**COUNT ELEVEN – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

**(***All Plaintiffs against INDIVIDUAL CAPACITY DEFENDANTS***)**

201. Plaintiffs C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ repeat, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

202. Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ claim that each of the INDIVIDUAL CAPACITY DEFENDANTS intentionally interfered with the PAE CONTRACT.

203.    That each of the INDIVIDUAL CAPACITY DEFENDANTS knew
of the PAE CONTRACT.

204.    That each of the INDIVIDUAL CAPACITY DEFENDANTS
engaged in conduct which prevented performance or made performance
more expensive or difficult of the PAE CONTRACT.

205.    That each of the INDIVIDUAL CAPACITY DEFENDANTS
intended to disrupt the performance of the PAE CONTRACT or knew that
disruption of performance was certain or substantially certain to occur.

206.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON
SCHULZ were harmed.

207.    The conduct of each of the INDIVIDUAL CAPACITY
DEFENDANTS was a substantial factor in causing the harm suffered by
Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON
SCHULZ.

208.    The above conduct of each of the INDIVIDUAL CAPACITY
DEFENDANTS, acting in their personal capacities, was not privileged.

## COUNT TWELVE – INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE ECONOMIC RELATIONS

**(***All Plaintiffs against INDIVIDUAL CAPACITY DEFENDANTS***)**

209.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON
SCHULZ repeat, reiterate, reallege and incorporate by reference all factual
allegations contained above and all allegations contained in causes of actions
set forth in this Complaint as though fully stated in this cause of action.

210.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON
SCHULZ claim that each of the INDIVIDUAL CAPACITY
DEFENDANTS intentionally interfered with an economic relationship
between Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs.

VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON, that probably would have resulted in economic benefit to Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

211.     Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

212.     That each of the INDIVIDUAL CAPACITY DEFENDANTS knew of the economic relationship between Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON.

213.     That each of the INDIVIDUAL CAPACITY DEFENDANTS engaged in wrongful behavior of preventing Plaintiff C.I.V. from entering Horace Mann Elementary School after school hours and notifying BEVERLY HILLS of Plaintiff C.I.V.'s inability to attend future enrichment activities provided under the PAE CONTRACT by BEVERLY HILLS or PARKER-ANDERSON.

214.     That each of the INDIVIDUAL CAPACITY DEFENDANTS, in their personal capacities, by engaging in the abovementioned conduct, intended to disrupt the above relationship or knew that disruption of the relationship was certain or substantially certain to occur.

215.     The relationship between Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON was disrupted.

216.     Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ were harmed.

217.    The conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS was a substantial factor in causing the harm suffered by Plaintiff C.I.V., Dr. VON SCHULZ, and Mrs. VON SCHULZ.

218.    The above conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS, acting in their personal capacities, was not privileged.

## COUNT THIRTEEN – NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

**(***All Plaintiffs against INDIVIDUAL CAPACITY DEFENDANTS***)**

219.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ, reiterate, reallege and incorporate by reference all factual allegations contained above and all allegations contained in causes of actions set forth in this Complaint as though fully stated in this cause of action.

220.    Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ claim that each of the INDIVIDUAL CAPACITY DEFENDANTS negligently interfered with an economic relationship between Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON, that probably would have resulted in economic benefit to Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

221.    Each of the INDIVIDUAL CAPACITY DEFENDANTS have a special relationship with Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

222.    Each of the INDIVIDUAL CAPACITY DEFENDANTS had a duty of care towards Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ. Each of the INDIVIDUAL CAPACITY DEFENDANTS breached his or her respective duty of care towards Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

223. Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff C.I.V., Dr. VON SCHULZ, and Mrs. VON SCHULZ.

224. Each of the INDIVIDUAL CAPACITY DEFENDANTS knew or should have known of the economic relationship between Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ and Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON.

225. Each of the INDIVIDUAL CAPACITY DEFENDANTS, in their personal capacities, knew or should have known that the economic relationship between Plaintiff C.I.V., Dr. VON SCHULZ, and Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ANDERSON would be disrupted if each of the INDIVIDUAL CAPACITY DEFENDANTS failed to act with reasonable care.

226. Each of the INDIVIDUAL CAPACITY DEFENDANTS failed to act with reasonable care.

227. Each of the INDIVIDUAL CAPACITY DEFENDANTS, in their personal capacities, engaged in wrongful conduct of preventing Plaintiff C.I.V. from entering Horace Mann Elementary School after school hours to attend future enrichment activities and notifying BEVERLY HILLS or PARKER-ANDERSON of Plaintiff C.I.V.'s inability to attend future enrichment activities provided under the PAE CONTRACT by BEVERLY HILLS or PARKER ENRICHMENT.

228. The relationship between Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ and BEVERLY HILLS or PARKER-ENRICHMENT was disrupted.

229. Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ were harmed.

230.    The conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS was a substantial factor in causing the harm suffered by Plaintiff C.I.V., Plaintiff Dr. VON SCHULZ, and Plaintiff Mrs. VON SCHULZ.

231.    The above conduct of each of the INDIVIDUAL CAPACITY DEFENDANTS, acting in their personal capacities, was not privileged.

## PART 3: PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following affirmative relief against Defendant BHUSD:

1. Injunctive Relief
2. General and Special Damages;
3. Attorneys' Fees;
4. Pre-judgment interest at the legal rate;
5. Costs of Suit;
6. Punitive Damages; and
7. Any other relief that the Court deems just and proper.

WHEREFORE, Plaintiffs prays for the following affirmative relief against each of the INDIVIDUAL CAPACITY DEFENDANTS:

1. Injunctive Relief
2. General and Special Damages;
3. Attorneys' Fees;
4. Pre-judgment interest at the legal rate;
5. Costs of Suit;
6. Punitive Damages; and
7. Any other relief that the Court deems just and proper.

WHEREFORE, Plaintiffs prays for the following affirmative relief against each of the OFFCIAL CAPACITY DEFENDANTS:

1. Injunctive Relief
2. Declaratory Relief


DATED: May 4, 2025



/s/ Gustav A. von Schulz

Gustav A. von Schulz

Attorney for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL

# <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury trial on all claims and causes of action so triable in this action.

DATED: May 4, 2025

                                            Gustav A. von Schulz

                                            <u>/s/ Gustav A. von Schulz</u>

                                            Gustav A. von Schulz

                                            Attorney for Plaintiffs